In the United States District Court for the
Northern District of Alabama, Southern Division

**Solar Reflections, LLC,**
 Plaintiff,

    v.

**Solar Reflections Glass Tinting, LLC,**
**Jeffrey L. Terry, and**
**Travis Guthrie,**
 Defendants.

## Complaint

Plaintiff Solar Reflections, LLC hereby files this complaint against Defendants Solar Reflections Glass Tinting, LLC, Jeffrey L. Terry, and Travis Guthrie for trademark infringement, trademark dilution, false designation of origin, and unfair business practices.

## Jurisdiction

1. The action asserts a claim for a violation of a federally-registered trademark, including a claim under 15 U.S.C. §§ 1116, 1117, and this court has jurisdiction of that claim under 15 U.S.C. § 1121(a), 28 U.S.C. § 1338(a), and jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

2. All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

## Parties

3. Plaintiff Solar Reflections, LLC ("Solar Reflections") is an Alabama limited liability company based in Jasper, Alabama, with its primary place of business in Birmingham, Alabama. Plaintiff does business across the State of Alabama.

4. Defendant Solar Reflections Glass Tinting, LLC ("SRGT") is an Alabama limited liability company based and doing business primarily in Jasper, Alabama. Defendant does business across the State of Alabama.

5. Jeffrey L. Terry is a member of Solar Reflections Glass Tinting, LLC and a resident of Walker County, Alabama. He is above the age of nineteen.

6. Travis Guthrie is a member of Solar Reflections Glass Tinting, LLC and a resident of Walker County, Alabama. He is above the age of nineteen.

## Facts

7. Plaintiff Solar Reflections, LLC has been doing business as and using the trade name "Solar Reflections" since March 17, 2010.

8. Plaintiff Solar Reflections registered the "Solar Reflections" trade name with the Alabama Secretary of State on October 1, 2014. A copy of this registration is attached as Exhibit A.

9. Plaintiff Solar Reflections sells window tinting products and installation services largely targeted to the residential and commercial structural market.

10. Plaintiff Solar Reflections has established a reputation for high-quality service and products such that the trade name "Solar Reflections" has obtained a level of distinction in the industry.

11. Plaintiff Solar Reflections has obtained a number of industry achievements for quality and service.

12. Plaintiff Solar Reflections is the exclusive licensed dealer in Alabama for Hüper Optik window film.

13. Hüper Optik manufactures a premium line of patented window films.

14. Sometime in August 2014, Defendant SRGT opened a store in Jasper, Alabama, using the "Solar Reflections" trade name as "Solar Reflections Glass Tinting."

15. Defendant SRGT's use of the "Solar Reflections" trade name is a counterfeit, copy, and colorable imitation of Plaintiff Solar Reflections' registered mark.

16. Defendant SRGT sells nearly identical products to Plaintiff Solar Reflections, including window film for residential and commercial use.

17. Defendants never sought, nor received, permission to use the "Solar Reflections" trade name, despite being aware of its use by Plaintiff Solar Reflections.

18. Shortly after Defendant SRGT's opening in Jasper, Alabama, Plaintiff Solar Reflections demanded, on multiple occasions, that Defendant SRGT cease using the "Solar Reflections" trade name.

19. Despite multiple requests to cease and desist, Defendant SRGT has continued to use the "Solar Reflections" trade name in blatant disregard for Plaintiff Solar Reflections' rights to the trade name.

20. On December 9, 2014, Plaintiff Solar Reflections filed suit against Defendant SRGT in Walker County Circuit Court, Case No. 64-CV-2014-900519, alleging Trademark Infringement, Intentional Trademark Infringement, and Unlawful Trade Practices. This case is awaiting trial.

21. Since June 2015, Plaintiff Solar Reflections has encountered and documented no fewer than nineteen (19) individual instances of customer confusion in Jefferson County, Alabama in which customers have confused Plaintiff Solar Reflections with Defendant SRGT.

22. Several of these incidents resulted in customers being outraged at the service they believed they had received from Plaintiff Solar Reflections, when the services had actually been performed by Defendant SRGT.

23. In the most egregious example to date, Defendant SRGT and individuals working with SRGT, including Defendants Terry and Guthrie knowingly misrepresented their qualifications, references, credentials, and personnel in order to convince a potential customer of Plaintiff Solar

Reflections that Defendant SRGT was, in fact, Plaintiff Solar Reflections. That affidavit is attached as Exhibit B.

24. Defendant SRGT has exhibited a calloused disregard for Plaintiff Solar Reflections' right to use the trade name "Solar Reflections," and has persistently and aggressively sought to trade on Plaintiff Solar Reflections' name at Plaintiff Solar Reflections' expense.

25. As a result, Plaintiff Solar Reflections has experienced damage to its goodwill and reputation.

## Claims

### 1.   Trademark Infringement

26. Plaintiff Solar Reflections is the owner of the trade name "Solar Reflections," registered as Trademark Number 114-778 with the Alabama Secretary of State.

27. Defendant SRGT's use of the "Solar Reflections" trade name is without the consent of the registrant, Plaintiff Solar Reflections.

28. Defendant SRGT's use of the "Solar Reflections" trade name is not only likely to cause confusion, mistake, or to deceive as to the source of origin of goods and services, but has, in fact, resulted in confusion, mistake, and deception as to the source of origin of goods and services between Plaintiff Solar Reflections and Defendant SRGT.

29. Defendant SRGT has not only been put on notice, but has previously been sued by Plaintiff Solar Reflections for its unauthorized use of the "Solar Reflections" trade name. Despite this, Defendant SRGT has continued to use the trade name "Solar Reflections" with impunity.

30. Given recent developments, Defendant SRGT's behavior has risen to the level of intentionally trading off Plaintiff Solar Reflection's reputation, and not just its trade name.

31.  Defendants, jointly and collectively, intended to use the "Solar Reflections" mark to trade off Plaintiff Solar Reflection's brand and reputation.

32.  Defendants, jointly and individually, have earned significant revenues using the use of the "Solar Reflections" mark and have no intention to cease using the mark unless ordered by a court of law.

33.  State and Federal laws provide a number of remedies for trademark infringement, including injunctive relief enjoining the use of and destruction of all materials bearing the trade name "Solar Reflections," and other damages, including Defendant SRGT's profits, actual damages, punitive damages, attorney's fees, and other compensatory relief.

34.  WHEREFORE, Plaintiff requests that the Defendants SRGT, Terry, and Guthrie liable for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and Alabama's Trademark Act, Ala. Code §§ 8-12-1 et seq.

### 2.   Trademark Dilution

35.  Plaintiff Solar Reflections' trade name "Solar Reflections" has been made "famous," by definition of law, through registration with the Alabama Secretary of State as a registered mark.

36.  Defendant SRGT's use of the "Solar Reflections" trade name is junior to Plaintiff Solar Reflections' use of the same mark.

37.  WHEREFORE, Plaintiff requests that the Defendants SRGT, Terry, and Guthrie liable for trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and Alabama's Trademark Act, Ala. Code §§ 8-12-1 et seq.

### 3.   False Designation of Origin

38.  Defendant SRGT has used the "Solar Reflections" trade name to designate a false origin, to mislead customers, and to misrepresent facts

necessary to deceive customers as to who is providing the goods and services provided by Defendant SRGT and Plaintiff Solar Reflections.

39. Not only is Plaintiff Solar Reflections likely to be damaged by these acts, but Defendants collective blatant disregard and intentional deception has been designed and is intended to trade off Plaintiff Solar Reflections' reputation and goodwill.

40. Under federal law, 15 U.S.C. § 1114 and 1116 require that Defendants be enjoined from the use of the "Solar Reflections" trade name and that all materials bearing the trade name be confiscated and destroyed, and that their profits, actual damages, punitive damages, and reasonable attorney's fees be assessed against it.

4. **DECEPTIVE TRADE PRACTICES UNDER ALA. CODE § 8-19-1, ET SEQ.**

41. Alabama's Deceptive Trade Practices Act provides that,

> The following deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful:
>
> (1) Passing off goods or services as those of another, provided that this section shall not prohibit the private labeling of goods or services.
>
> (2) Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.
>
> (3) Causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, provided that this section shall not prohibit the private labeling of goods or services.
>
> (4) Using deceptive representations or designations of geographic origin in connection with goods or services.
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities

>that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have. [ . . . ]
>
>(25) Engaging in a scheme or artifice to defraud by telephone communication. For purposes of this subdivision, a "scheme or artifice to defraud" means a systematic, ongoing course of conduct with the specific intent to defraud one or more persons in order to obtain property from that person by a telephone communication; and "telephone communication" means the transmission of information by the use of the telephone, with the specific intent of defrauding a person by a material misrepresentation and obtaining property from that person as a result of the fraud. Puffing or puffery does not constitute a scheme or artifice to defraud. [ . . . ]
>
>(27) Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

Ala. Code § 8-19-5.

42. Defendants knowingly attempted to pass off the goods and services of Plaintiff Solar Reflections as their own.

43. Defendants knowingly attempted to cause confusion or misunderstanding as to the source of their goods and services by misrepresenting its qualifications, credentials, references, and personnel.

44. Because of the audible similarity of the names of the Parties, Defendant SRGT was able to defraud customers by representing, over the telephone, that they were "Solar Reflections," when they were operating without license or authority to use that trade name.

45. Ala. Code § 8-19-10 provides a private right of action for violations of the Deceptive Trade Practices Act, which entitles the injured to actual damages, or the sum of $100, whichever is greater, up to three times any actual damages, costs, and a reasonable attorney's fee.

## DEMAND

46. Therefore, Plaintiff asks this Honorable Court find judgment in favor of the Plaintiff, Solar Reflections, LLC, against the Defendants, Solar Reflections Glass Tinting, LLC, Jeffrey L. Terry, and Travis Guthrie, jointly and severally, for the following:

    a. Enjoin the Defendants from using the "Solar Reflections" mark in any way,

    b. Confiscate and destroy any materials in the possession of Defendants bearing the "Solar Reflections" mark,

    c. Assess against the Defendants the following damages:

        i. Defendants' profits, as measured by their gross revenues since using the "Solar Reflections" mark,

        ii. Plaintiff Solar Reflections, LLC's actual damages,

        iii. Punitive treble damages,

        iv. Reasonable attorney's fees,

        v. Court costs,

        vi. Other compensatory damages, in the discretion of this Honorable Court, and

        vii. Any other damages this Honorable Court sees fit to assess.

47. Further, pursuant to Ala. Code § 8-19-10(c), the clerk of the court shall mail a copy of this pleading to the office of the Attorney General and to the local district attorney and, upon entry of any injunction, judgment, or decree in the action, shall mail a copy of such injunction, judgment, or decree to the office of the Attorney General and to the local district attorney.

48. Plaintiff requests trial by jury.

                                                Respectfully submitted,
                                                ***/s/   Joseph E. "Tripp" Watson, III***
                                                Joseph E. "Tripp" Watson, III
                                                Attorney for Plaintiff
                                                tripp@watson-firm.com

*Of Counsel*
The Watson Firm
2829 2nd Avenue South, Suite 220
Birmingham, Alabama 35233
205.545.7278
contact@watson-firm.com

## Certificate of Service

     I certify that on Monday, October 24, 2016, I served a copy of this document by certified U.S. mail on the following parties:

Solar Reflections Glass Tinting, LLC
24763 Highway 69
Jasper, Alabama 35504

Travis Guthrie
24763 Highway 69
Jasper, Alabama 35504

Jeffrey Terry
24763 Highway 69
Jasper, Alabama 35504

                                                ***/s/   Joseph E. "Tripp" Watson, III***